**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DLJ MORTGAGE CAPITAL, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LINCOLN ROLAND and LEILA ROLAND,** )<br>**a/k/a L. ROLAND,** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No. 2013-0010** |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
　　*For Plaintiff*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Default Judgment" filed by Plaintiff DLJ Mortgage Capital, Inc. ("DLJ") against Defendants Lincoln Roland and Leila Roland a/k/a L. Roland (Dkt. No. 22), and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that DLJ's Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that DLJ has a first priority lien on the Property, described in the Warranty Deed as

> Parcel No. 493 Estate Mon Bijou, Matricular 9a, King's Quarter, St. Croix, Virgin Islands comprising an area of 5,600 square feet as soon on map drawn by Co-Build Companies, Inc. (formerly West Indies Enterprises, Inc.) dated November 2, 1968, Public Works Department File No. 1863-B.

and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff DLJ is awarded final judgment against Defendant Lincoln Roland in the amount of $78,274.05 in unpaid principal balance; interest from May 1, 2012 through January 7, 2015 in the amount of $14,693.74; negative escrow balance of $5,803.86, and a recoverable balance of $2,294.00, for a total indebtedness of $101,065.65; and it is further

**ORDERED, ADJUDGED AND DECREED** that such indebtedness shall accrue interest in the amount of $14.70 per diem from January 8, 2015 until the date of entry of this Judgment, plus interest at the statutory rate of four percent (4.000%) per annum from the date of entry of this Judgment until this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that DLJ is awarded attorney's fees and costs in the amount of $5,813.95 through January 15, 2015, to be added to the total indebtedness set forth above; and it is further

**ORDERED, ADJUDGED AND DECREED** that DLJ may seek an additional award of subsequent costs and attorney's fees to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that DLJ's Mortgage dated January 15, 2008 and all other liens subsequent or inferior to DLJ's Mortgage are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants Lincoln Roland and Leila Roland a/k/a L. Roland and all persons claiming from or under them shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this judgment in favor of DLJ, including any costs and attorney's fees awarded or that may be awarded upon application and any sums that may be paid by DLJ for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that at any time before or after the Marshal's Sale, DLJ shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and DLJ and its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall

describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

b. DLJ and its nominee(s) and assignee(s) may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

e. The United States Marshal shall make her report of sale within ten (10) days from the date of sale.

f. If no objections have been filed in writing with the Clerk of Court by 10:00 a.m. within fifteen (15) days, inclusive, from the date of sale, the sale shall be confirmed upon motion of DLJ or the purchaser.

3. DLJ shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that DLJ shall be entitled upon proper application to Judgment against Lincoln Roland for any deficiency that may remain after the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that copies of this Judgment shall be directed to the Parties' counsel of record; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Clerk of Court is directed to provide a copy of this Judgment to the U.S. Marshal for service on Defendants Lincoln Roland and Leila Roland a/k/a L. Roland.

**SO ORDERED.**

Date: March 31, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge