DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LINCOLN ROLAND and LEILA ROLAND, )<br>a/k/a L. ROLAND, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2013-0010 |

**Attorneys:**
**Warren B. Cole, Esq.,**
**Elisa Catera, Esq.,**
St. Croix, U.S.V.I.
　　*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion by Plaintiff DLJ Mortgage Capital, Inc. ("DLJ") for Permission to Serve Judgment on Defendants, filed on May 15, 2015. (Dkt. No. 33). In its Motion, DLJ recounts that this Court granted its motion for summary judgment and foreclosure against Defendants Lincoln Roland and Leila Roland a/k/a L. Roland (Dkt. No. 29)[1] and that the Court ordered the Clerk of Court to provide a copy of the Judgment and Order to the U.S. Marshal for service on the Defendants. (Dkt. No. 29 at 5). The U.S. Marshal returned the process on May 13, 2015 stating: "There is a $100 Canadian fee for this process to be served in Canada under the Hague Convention. USMS is not authorized to pay this

---

[1] The Court granted DLJ's Motion for Default Judgment against Defendants on March 31, 2015. (Dkt. Nos. 28, 29).

fee on behalf of private litigants." (Dkt. Nos. 31, 32).[2] Accordingly, DLJ requests permission from the Court to serve the Judgment and Order on the Defendants through international mail, return receipt requested. (Dkt. No. 33).

Based on the Court's research and examination of the applicable Federal Rules of Civil Procedure and case law, the Court confirms the propriety of granting DLJ's motion for service by international mail, return receipt requested.

Fed. R. Civ. P. 4 applies to service of a Summons and Complaint; Rule 5 applies to service of pleadings and other papers. Rule 77(d) applies to service of an Order or Judgment, and states that "the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d). Rule 77(d) goes on to say, however, that "[a] party also may serve notice of the entry as provided in Rule 5(b)." *Id.* Rule 5(b) permits service by mailing the document "to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Given that the Rolands reside in Canada, the question arises as to whether Plaintiff's requested service must comply with the provisions of the Hague Convention. In *SEC v. Credit Bancorp*, *Ltd.*, 2011 WL 666158 (S.D.N.Y. Feb. 14, 2011), the court explained that the Hague Convention applies only to the initial service of process—*i.e.*, the summons and complaint—not subsequent judicial documents. *Id.* at *4 (citing *Volkswagenwerk Akiengesellschaft v. Schlunk,* 486 U.S. 694, 700 (1988) (finding that the history of the Hague Convention "supports our view that Article I [of the Convention] refers to service of process in the technical sense"), and 1 B. Ristau, *International Judicial Assistance (Civil and Commercial)* § 4–2 (2000 revision) (recognizing that the Hague Service Convention applies only where there is a need to make

---

[2] The Rolands live in Canada. (Dkt. Nos. 5, 6).

2

"formal delivery" of a judicial document "to charge [the recipient] with notice of the institution of a legal proceeding.")).

The *Credit Bancorp* court further observed that the structure of the Federal Rules of Civil Procedure supports this distinction. Rule 4(f), referring to service of an individual in a foreign country, sets forth the rules for service of a summons outside the United States and expressly refers to the Hague Convention. *See* Rule 4(f)(1) (providing that an individual may be served outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"). Rule 5, however, addresses service of subsequent judicial documents and "does not mention the Hague Service Convention or provide special procedural requirements for international service. Apart from those judicial documents which must be served pursuant to Rule 4, Plaintiff need only serve [other] judicial documents . . . on Defendant pursuant to Rule 5 despite Defendant's foreign residence." *Credit Bancorp,* 2011 WL 666158, at *5.[3]

Accordingly, the Court will grant DLJ's motion requesting that it serve the Judgment and Order on the Rolands by international mail, return receipt requested.

---

[3] Although compliance with the provisions of the Hague Convention is not required for serving the Judgment and Order pursuant to the Federal Rules of Civil Procedure, courts have concluded that that Canada does not object to service by postal channels, and that service by mail on a Canadian individual is not prohibited under the Hague Convention. *Trump Taj Mahal Assocs. v. Hotel Servs., Inc.*, 183 F.R.D. 173, 179 (D.N.J. 1998); *see also Girafa.com, Inc. v. Smartdevil, Inc.*, 728 F. Supp. 2d 537, 543 (D. Del. 2010) (same); *Mitchell v. Theriault*, 516 F. Supp. 2d 450, 455-56 (M.D. Pa. 2007) (same).

## **ORDER**

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff DLJ's Motion for Permission to Serve Judgment on Defendants Lincoln Roland and Leila Roland a/k/a L. Roland (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that DLJ may serve the Judgment and Order (Dkt. Nos. 28 & 29) in this case on Defendants Lincoln Roland and Leila Roland a/k/a L. Roland by international mail, return receipt requested.

**SO ORDERED.**

Date: July 1, 2015    _____/s/_____
WILMA A. LEWIS
Chief Judge